STATE RESPONDENT, *v.* WROTE ET AL., APPELLANTS.

[Submitted February 8, 1897. Decided February 15, 1897.]

*Bail Bond—Action Against Sureties—Pleading.*

Joseph Smith was committed by a justice of the peace of Carbon county on a charge of grand larceny, and held to appear at the district court, the bond was fixed at the sum of $1.000, and the defendants were the sureties thereon. The condition of the bond was, "if the said Joseph Smith shall be —— at the next term of said court on the first day thereof —— and not depart therefrom without the order of the said court, and if convicted of said crime, will render himself in execution thereof, then the obligation to be void, otherwise to be in full force and effect." Smith failed to appear upon being duly called; *Held*, that in an action against the sureties, the complaint does not have to state the manner of committing the crime of grand larceny, it being sufficient, in that respect, if it appear from the complaint that an information was filed in the said court charging Smith with the crime of grand larceny; *Held* also that the complaint need not allege that Smith made default without excuse.

SAME.—*Held*, that, if Smith had an excuse for not appearing, he should have moved to set aside the forfeiture.

SAME.—An allegation that "Smith was called and failed to appear in the district court" is equivalent to an averment that his default for not appearing was entered of record. (§ 258 Criminal Practice Act.)

SAME.—It appearing from the complaint that the information was for grand larceny, it does not need to appear that the crime charged in the information was the same crime for which he was held to answer.

SAME. It is not necessary to state in the complaint that the bond was "certified by the sheriff to the clerk of court, and by him filed and recorded."

*Appeal from District Court, Carbon County. Frank Henry, Judge.*

ACTION by the state against Michael Wrote and others. Judgment for the state, and defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

It appears from the pleadings and the record in this case that on the 21st day of May, 1895, in the county of Carbon, one Joseph Smith was committed by a justice of the peace on a charge of grand larceny, and held for his appearance to the district court, in the sum of $1,000, to answer said charge, and that the appellants in this case became the sureties on the bond of said Smith for his appearance. Said Smith failed to appear at the district court in accordance with the condition of his bond, which was forfeited therefor, and this suit is brought to recover the amount of said bond, of the sureties thereon. The defendants appeared and filed a demurrer to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action against the defendants, or any of them. The court overruled the demurrer, and the defendants declining to answer, and standing upon their demurrer, judgment was entered against them in accordance with the prayer of the complaint. The appeal is from the judgment.

O. F. Goddard, for Appellants.

The complaint does not show, that the information mentioned in the complaint was filed within thirty days from the date when the transcript from the justice of the peace was filed with the clerk of this court, nor does it show that the information was filed by leave of the court. (§ 2, page 249, Session Laws of 1891.) Complaint does not allege that defendant Smith, without excuse, made default of appearance, etc. (§ 256, page 451, Compiled Statutes; § 2400 of the Penal Code.) The complaint alleges, that the judge, instead of the court, declared the bond forfeited. (§ 256, page 451, Com-

piled Statutes; § 2400, Penal Code.) Complaint does not allege that the crime charged in the information was the same crime for which the defendant was held to answer by the justice of the peace .(*People* v. *Hunter*, 10 Cal. 503.) The complaint does not show that the bond was certified by the sheriff to the clerk of this court, and by him filed and recorded. (*Mendocino County* v. *Lamar*, 30 Cal. 628; *People* v. *Higgins*, 10 Wend. 462.)

*C. B. Nolan*, Attorney General, for the State.

The presumption is that the county attorney performed his duty and filed the information within the time required by law or obtained leave of court to file it. By section 3266, subdivision 15, of the Code of Civil Procedure, it is made a disputable presumption "that official duty has been regularly performed." In the *State* v. *Millsap*, 69 Mo. 358, it was held that "the cognizor in a bond conditioned for his appearance at the next term of the circuit court to answer an indictment, then to be preferred, and not to depart the court without leave, forfeits his bond if he fails to appear although no indictment is found against him." (*State* v. *Stout*, 11 N. J. Law, 147, 158; *Pack* v. *State*, 23 Ark. 235; *State* v. *Cooke*, 37 Tex. 155; *State* v. *Kyle*, 99 Ala. 256; *Commonwealth* v. *Treever* (Mass.) 9 N. E. 524.) Even if the information was not filed in time it was good unless the defendant made a motion to quash on that ground. (*State* v. *McCaffrey*, 16 Mont. 33.) And the defendant could not decide that question for himself but must apply to the court. (*State* v. *Stout*, *supra*, 2d Am. & Eng. Ency. of Law, page 34, see note; *State* v. *Cooke*, *supra*.) If the information that was filed against the defendant had been quashed, the defendant would have under the condition of the bond to answer any subsequent information that might have been filed against him. (*State* v. *Hancock* (N. J.) 24 Atl. 726; 3 Enc. Pl. & Pr., page 249, note 1.) It is not necessary to allege, or that the minutes should show, that the defendant made default without excuse.

In *People* v. *Bennet* (N. Y.) 32 N. E. 1044, under a statutory provision similar to section 256 page 2151, Compiled Statutes and section 2400 of the Penal Code; the minutes of the court recited that the defendant not appearing and his surety not bringing him forth, on motion of district attorney recognizance forfeited and judgment entered. It was not contended it was necessary to show that the principal made default without excuse. It is also contended that the judge instead of the court declared the bond forfeited. The statute does not require the court to declare a forfeiture of the bond. Section 2400 of the Penal Code and section 256, page 451 of the Compiled Statutes provides that upon the entry of the fact of the defendant's neglect to appear upon the minutes of the court, the undertaking of bail is forfeited. (*People* v. *Van Eps*, 4 Wend. 393.) And is a sufficient allegation of breach. (*People* v. *Huggins*, 10 Wend. 465, 472; 2 Chitty on Pleading, 230.) In an action of debt at common law, breach stated according to the terms of the recognizance is sufficient. (*State* v. *M'Quire*, 42 Minn. 27, 29.) An averment that the defendant did not appear and answer and abide the judgment, etc., is sufficient on general demurrer. (*State* v. *Inman*, 7 Black. (Ind.) 225.) The same crime is charged in the information that is charged in the recognizance to wit: grand larceny. But it is not necessary that defendant should be charged in the information with the same crime as that for which he is held in recognizance, where he is bound to appear and not depart without leave of court, defendant in such case must answer any information filed against him although the crime charged is different from that mentioned in the recognizance. (*Commonwealth* v. *Trevers* (Mass.) 9 N. E. 524; 2 Am. & Eng. Ency. of Law, page 30, note 6 and page 34.) A description of offense by its name is sufficient. (*State* v. *Birchim*, 9 Nev. 95; *Jennings* v. *State*, 13 Kan. 80, 90.) An action upon recognizance cannot be defeated by neglect of the clerk to endorse or record it, it may be recorded after execution is awarded. (§ 258; page 451 of the Compiled Statutes.) The code does not require the bond to be filed or recorded. In

*Jennings* v. *State*, 13 Kan. 80, 91, it was held that the omission to file and record a recognizance as required by the code of Kansas, did not invalidate it. (*State* v. *West et al.*, 3 Ohio St. 509, 516.) In *Patterson* v. *State*, 12 Ind. 86, it was held that an action could be maintained on a recognizance, as on any other contract, without being filed with the clerk of the circuit court. Same ruling in *Adams* v. *State*, 48 Ind. 212 overruling *Urton* v. *State*, 37 Ind. 339.

PEMBERTON, C. J.—Counsel for appellants contends that the complaint does not show that the information presented in the district court against Smith charged him with the commission of a public offense. The allegation in the complaint in this respect is that the county attorney filed in the "District Court of the Sixth Judicial District of the State of Montana, in and for the county of Carbon, an information charging the said Joseph Smith with the crime of grand larceny, committed within the county of Carbon and State of Montana on or about the 15th day of May, A. D. 1895, by unlawfully taking one cow, the property of, and from the possession of, H. C. Lovell." From this it will be seen that the complaint alleges that the imformation charged Smith with the crime of grand larceny. The condition of the bond is as follows: "Now, therefore, if the said Joseph Smith shall be and appear at the next ensuing term of said court, on the first day thereof, and from day to day, and from term to term, and not depart therefrom without the order of said court, and if convicted of said crime, will render himself in execution thereof, then this obligation shall be void, otherwise to remain in full force and effect." The complaint charges that the crime of grand larceny was committed by Smith, by his "unlawfully taking one cow," etc. But we think that part of the complaint alleging how he committed the crime charged in the information was unnecessary. It was surplusage. Omit this part of the allegation, and the complaint alleges that the information charged Smith with grand larceny,—the charge mentioned in the bond as the one on which he was to appear at the district court and answer.

Counsel for appellants says the complaint is bad because it does not allege that Smith, "without excuse," made default of appearance. The complaint alleges that Smith "was duly called at the proper time and place, and failed to appear in person." This charges a failure on the part of Smith to comply with the condition of his bond, and is a sufficient allegation, we think, to authorize a forfeiture, under section 256, Criminal Practice Act (Compiled Statutes 1887, page 451). (*People* v. *Bennett* (N. Y. App.) 32 N. E. 1044.) If Smith had a sufficient excuse for not appearing, he ought to have shown it on a motion to set aside the forfeiture.

Counsel for appellants contends that the complaint is bad because it alleges that the judge, instead of the court, declared the bond forfeited. We think that the averment in the complaint that Smith was called and failed to appear in the district court was "equivalent to an averment that his default for not appearing was entered of record." *People* v. *Huggins*, 10 Wend. 465, and cases cited. This, we think, was all that it was necessary to aver in this respect. This was all that was necessary to aver under section 258, Criminal Practice Act (Compiled Statutes 1887, page 451).

The counsel for appellants also contends that the complaint does not allege that the crime charged in the information was the same crime for which Smith was held to answer. Smith was held to answer for the crime of grand larceny. The complaint alleges that he was charged by the information with the crime of grand larceny, as we have seen above. It certainly does not appear by the complaint that the crime for which he was held to answer and the one charged in the information are not the same, but, on the contrary, it does fairly appear that the crimes alleged in the information and bond are the same.

Counsel for appellants further contends that the complaint does not allege that the bond was certified by the sheriff, who took it, to the clerk, and "filed and recorded by him." This, we think, did not invalidate the bond, or relieve the sureties from their liability thereon. See Criminal Practice Act, § 258 (Compiled Statutes 1887, page 451).

We think the errors assigned are purely technical, and without substantial merit.    The judgment appealed from is affirmed.

*Affirmed.*

Hunt and Buck, JJ., concur.

[Submitted February 8, 1897.  Decided February 15, 1897.]