THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHAN I. BENNETT, Impleaded, etc., Appellant.

Under the provisions of the Code of Criminal Procedure (§ 593) and of the New York Consolidation Act (§ 1480, chap. 410, Laws of 1882) in reference to the forfeiture of recognizances, where a principal makes default and his non-appearance is entered in the minutes of the court, the recognizance becomes *ipso facto* forfeited and no further or formal order is necessary to fix the liability of the sureties; it then accrues and becomes absolute upon the record.

The subsequent surrender of the principal does not of itself work an exoneration of the sureties.

Conceding that under the said provision of the Consolidation Act (§ 1480) the entry of an order declaring the forfeiture of a recognizance is a prerequisite to the right of the people to summarily enter judgment, where the record shows that a forfeiture has been incurred the court has power, upon the application of the district attorney, to cause such an order to be entered at any time, and upon filing a certified copy thereof, with the recognizance, judgment may be entered.

An arrest of the principal upon a bench warrant after a forfeiture, his discharge upon his entering into another recognizance, and his appearing and answering in accordance therewith, is no defense to an action upon the first recognizance.

On March 19, 1892, the surety upon the bond of J. who had been held to answer for an alleged offense, was notified of an indictment found and that his principal must be produced for trial on the twenty-first; on that day J. was duly called and failed to appear, an entry was thereupon made in the minutes of the court, to the effect that he not appearing pursuant to the recognizance, on motion of the district attorney it was ordered that the recognizance, with a certified copy of the order, should be filed in the county clerk's office, and judgment entered thereon. The principal witness for the prosecution was at the time in confinement to secure his appearance at the trial. After the

default he obtained a writ of habeas corpus, and on March twenty-eight procured his discharge.   On April first, and after the term of the court had expired, the surety surrendered his principal, who was thereupon committed to the city prison, from which he was discharged upon his own recognizance, because of the inability of the people to procure the attendance of said witness.   Thereafter on motion of the district attorney a formal order was made forfeiting the first recognizance, and upon filing a copy thereof with the recognizance judgment was entered On motion to vacate the judgment and remit the forfeiture it appeared that at the time of the surrender of the principal the surety made a motion for the remission of the forfeiture, that the assistant district attorney, who was not aware of the discharge of the witness, stated that as far as he knew the people were in as good condition to prosecute the principal as when the forfeiture occurred, and thereupon the court orally directed the remission; but no order to that effect was entered or entry made on the minutes.   The court thereafter upon being advised of the discharge of the witness, directed the entry of the order declaring a forfeiture.   *Held,* that the oral direction of the court was not sufficient to effect a remission; that the order so directed and entered was within the jurisdiction of, and was discretionary with, the court, and *it seems,* not reviewable had it been appealed from; and that the clerk had jurisdiction to enter it; also, that the entry in the minutes of March twenty-first was in effect an order forfeiting the recognizance, upon the filing of which with the recognizance, judgment might have been entered.

(Argued December 12, 1892; decided January 17, 1893.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made June 30, 1892, which denied a motion by the appellant for an order remitting a forfeiture of an undertaking in the above-entitled action, and canceling and setting aside a judgment entered thereon.

This was an action upon a recognizance given as bail for the appearance of defendant, Gus Johnson, who was charged with and held to answer for the crime of grand larceny.

The facts, so far as material, are stated in the opinion.

*George Bell* for appellant.   There was no forfeiture of the recognizance before the surrender of the principal by the surety.   (Code Crim. Pro. § 593; Laws of 1882, chap. 410, § 1480; *People* v. *Kane,* 4 Den. 530; *Baldwin* v. *State,* 126

Ind. 24.) The surety had an absolute right to surrender the principal in exoneration of bail before forfeiture, and did so surrender him. (*People* v. *Clary*, 17 Wend. 374; Code Crim. Pro. §§ 590, 594; *Walton* v. *People*, 28 Ill. App. 645; *Hughes* v. *State*, 28 Tex. App. 499.) The default of March twenty-first, even if regarded as a forfeiture of bail, was discharged and vacated, and there was no necessity for entering an order to that effect. (Code Crim. Pro. § 594.) The order of forfeiture and for judgment, and the judgment and execution based thereon, are void for want of jurisdiction. (Code Crim. Pro. § 593; *Kamp* v. *Kamp*, 59 N. Y. 212; *Adams* v. *S. R. R. Co.*, 10 id. 328; *Stanton* v. *Ellis*, 12 id. 575; *Ferguson* v. *Crawford*, 70 id. 253; *Lyons* v. *State*, 1 Blackf. 309; *Johnson* v. *State*, 12 Tex. App. 415; *Brown* v. *People*, 24 Ill. App. 72; *B., etc., R. R. Co.* v. *Suprs.*, 48 N. Y. 93; *Craig* v. *Town of Andes*, 93 id. 406; *Toles* v. *Adee*, 84 id. 222.) Even if the defects in these proceedings are not jurisdictional, this judgment cannot be upheld. (*Wheeler* v. *Emmeluth*, 121 N. Y. 241; *People* v. *Felton*, 36 Barb. 429.) The Court of Common Pleas has power to vacate judgments on forfeited recognizances as matter of right as well as favor. (Code Civ. Pro. §§ 286, 350; *People* v. *Sands*, 7 Hun, 235; *People* v. *Devlin*, Id. 114; *People* v. *Lott*, 21 Barb. 130; *Gildersleeve* v. *People*, 10 id. 35; *People* v. *Quigg*, 59 N. Y. 83; *People* v. *Hickey*, 5 Daly, 365; *Parker* v. *Tomlinson*, 2 Johns. Cas. 220; *Jones* v. *Dumling*, Id. —; *People* v. *Van Epps*, 4 Wend. 387; *People* v. *Tubbs*, 37 N. Y. 586; *People* v. *Bartlett*, 3 Hill, 570; *People* v. *Stagor*, 10 Wend. 431.) There is no remedy provided by law for the relief of the defendant, except application to the Common Pleas or an action in equity. (Code Crim. Pro. §§ 515, 517.) The order is appealable to this court. (Code Crim. Pro. §§ 190, 594, 597, 1337; *White* v. *Coulter*, 59 N. Y. 629; *In re City of Buffalo*, 78 id. 362.)

*Henry B. B. Stapler* for respondent. The order from which this appeal was taken is not appealable, and the appeal

should be dismissed. (Code Civ. Pro. §§ 190, 597, 1337; *Wright* v. *Rensens*, 133 N. Y. 298, 307; *Bossont* v. *R. R. Co.*, 131 id. 37; *Barnes* v. *Bowen*, 130 id. 372, 386; *Winans* v. *Winans*, 124 id. 140; *F. L. & T. Co.* v. *B. & M. T. Co.*, 119 id. 15; *N. H. W. Co.* v. *Ferris*, 115 id. 641; *Lewis* v. *Stevens*, 93 id. 57; *Vanderbilt* v. *Schreyer*, 81 id. 646; *Watrous* v. *Kearney*, 79 id. 496; *Lawrence* v. *Farley*, 73 id. 187; *Alling* v. *Faby*, 70 id. 571; *Miller* v. *Tyler*, 58 id. 477; *Mills* v. *Hildreth*, 81 id. 91; *Brady* v. *Brundage*, 59 id. 310; *People* v. *Coman*, 63 id. 611.) The order of the General Term of the Court of Common Pleas denying the application to remit the forfeiture of the recognizance was proper. (Laws of 1882, chap. 410, § 1482; *People* v. *Kurtz*, 31 N. Y. S. R. 276; *People* v. *Rofrano*, 30 id. 427; *People* v. *Lasher*, 34 id. 624; *People* v. *Brady*, Id. 307.)

MAYNARD, J. Under the provisions of the Criminal Code (§§ 593–595) and of the New York City Consolidation Act (§ 1480) judgment was summarily entered against the appellant Nathan I. Bennett, April 1, 1892, in the Clerk's office of the county of New York, upon his forfeited recognizance in the General Sessions as bail for the defendant Gus Johnson in an indictment for grand larceny.

The indictment was found March eighth, and on March nineteenth the appellant was notified that his principal must be produced for trial on the twenty-first; on which day he was duly called and failed to appear and the following entry was then made in the minutes of the court under the title of the Criminal action:

" On indictment; grand larceny in the first degree. (Filed March 8, 1892.) The defendant not appearing, and Nathan J. Bennett, his surety, not bringing him forth to answer to this indictment pursuant to the conditions of their recognizance, on motion of the District Attorney, it is ordered by the Court, that the said recognizance, together with a certified copy of this order, be filed in the office of the Clerk of the City and County of New York, and that judgment be entered thereon,

according to law against the said Gus Johnson, the defendant above named, and the said Nathan J. Bennett, his surety, for the several sums set forth in said recognizance.

"On motion of the District Attorney, ordered, by the Court, that the defendant stand committed to the custody of the Warden of the City Prison, until thence delivered by due course of law."

The principal witness for the people was a non-resident of the city, and was then confined in the House of Detention to secure his presence at the trial. When it became known that the defendant in the indictment had made default, this witness sued out a writ of habeas corpus and procured his discharge from custody on March twenty-eighth. The term of the court at which the principal failed to appear expired March thirty-first. April first the appellant surrendered his principal in open court, and he was thereupon committed to the city prison, from which he was afterwards discharged upon his own recognizance on account of the inability of the People to procure the attendance of the complainant. No order was entered at any time remitting the forfeiture or in exoneration of the bail; but after the surrender of the principal and his commitment, an order was entered on April first entitled in the action, containing the same recitals as the entry in the minutes of March twenty-first, and the further statement that "on motion of the district attorney it is ordered by this court that the said recognizance be and the same hereby is forfeited." There was also the same direction as in the minutes in regard to the filing of the recognizance and of a copy of the order and the entry of judgment thereon. It may be assumed that it was upon the filing of a copy of this order with the recognizance that the judgment was entered. The surety made a motion at the General Term of the Common Pleas for an order vacating the judgment and remitting the forfeiture of the recognizance, which was denied and an appeal taken to this court.

The sole question to be determined is whether the clerk had jurisdiction to enter the judgment, and so far as there may be any conflict in the statements contained in the papers read

upon the motion, the affidavits and papers filed by the people must be taken as true. The principal ground urged for a reversal of the order is that the recognizance was not forfeited until the entry of the order of the General Sessions on April first, and that as the principal had then been surrendered by his surety, and was then in the custody of the people, the Criminal Court had no jurisdiction to declare a forfeiture, and thus lay the foundation for the entry of the judgment in the Common Pleas. But the forfeiture was in fact complete on March twenty-first, and judgment could then have been entered upon filing the recognizance and a certified copy of the minutes of the court. Under section 593 of the Criminal Code, if the principal makes default and his nonappearance is entered in the minutes, the recognizance becomes *ipso facto* forfeited. No further or formal order is necessary to fix the liability of the surety. His obligation to pay the amount of the bail then accrues and becomes absolute upon the record, and so continues until the surety is relieved or exonerated by the action of the court or in some other lawful manner. The subsequent surrender of the principal does not of itself work an exoneration. It may be considered and have its proper weight in an application for relief addressed to the favor of the court.

It is important to observe the distinction between the time when the forfeiture is incurred and the time when the judgment may be entered. The one relates to the maturity of the debt, the other to the application of the remedy for its enforcement. It may be that under section 1480 of the Consolidation Act, the entry of an order declaring the forfeiture is a prerequisite to the right of the People to summarily enter judgment; but if the record shows that a forfeiture has been incurred the court has the power, upon the application of the district attorney, to cause such an order to be entered at any time, and when so entered a certified copy with the recognizance may be filed with the county clerk and the judgment perfected. We think the entry in the minutes in this case on March twenty-first had all the essential qualities of an order

forfeiting the recognizance, if not so expressed in terms, and that upon filing a certified copy thereof judgment might have been entered; but the district attorney preferred, undoubtedly as a precautionary measure, to apply for a more formal order as he had the right to do, and when obtained to make use of it as the basis of the judgment. The substantial rights of the surety were not involved in this procedure. When his principal failed to appear and the court entered that fact in its minutes, he became obligated to pay the record debt which was then evidenced by the bail piece, and the minute of the default. This obligation continues until discharged by payment or by order of the court for cause shown. An arrest of the principal upon a bench warrant, and his discharge upon entering into another recognizance to appear and answer to the charge, which he kept, is no defense to an action on the first. (*The People* v. *Anable*, 7 Hill, 33.) It has been held that the subsequent trial and conviction of the principal did not affect the forfeiture. (*Walker* v. *Commonwealth*, 79 Ky. 292.)

The practice here pursued was also in strict accordance with the agreement of the principal and surety, which was annexed to the recognizance, whereby they stipulated, that, if it should be forfeited a copy of the order of the court forfeiting the same might be filed with the recognizance in the clerk's office and judgment entered for the sum set forth therein and execution issued forthwith. It is apparent from the moving papers that the appellant relied upon a remission of the forfeiture, which, however, was not consummated. When he surrendered his principal on April first, his counsel made a motion for such relief, which it is alleged the court granted. No order to that effect appears in the record, and no such order was in fact entered. The oral direction of the court upon the subject is not sufficient. The truth in regard to the disposition of this motion undoubtedly appears in the affidavit of the assistant district attorney which in its material statements is not in conflict with the moving papers, but supplements them. When the motion was made, he stated to the

court that, so far as he knew, the People were in as good a position to prosecute the principal as when the forfeiture occurred. It is to be inferred that if this had been true, an order remitting the forfeiture would have been entered according to the usual practice in such cases. But this assistant did not have charge of the case at the March term, and was, therefore, not aware of the discharge of the principal witness, without whose evidence a conviction could not be had. Thereupon the district attorney came in and communicated this fact to the judge, who immediately directed the clerk to enter the order of forfeiture. There is no appeal from this decision of the Court of Sessions, and if there were, its action was discretionary and not reviewable here.

The order of the General Term must be affirmed, with costs.

All concur.

Order affirmed.