OPINION OF THE COURT
Titone, J.
In this appeal involving a bail forfeiture, the issue is whether a District Attorney’s failure to proceed against the surety within the 60-day period specified in CPL 540.10 (2) precludes recovery on the bail bond. Although the People argue that this limitations period is merely directory, both the plain language of the statute and its legislative history persuade us that its provisions are mandatory. Accordingly, we hold that where the People have not taken timely steps to perfect their rights under a bail forfeiture order, their ability to enforce that order may itself be forfeited.
Defendant David Schonfeld, who was being held pending disposition of outstanding criminal charges, was released under a $25,000 bail bond issued by a surety, Peerless Insurance Company. When Schonfeld failed to appear in Albany County Court on October 18, 1985 as directed, the court noted his absence on the record, issued a bench warrant and ordered forfeiture of his bail. On October 22, 1985, the court signed a formal order revoking and forfeiting defendant’s bail and directing entry of a $25,000 judgment against Peerless in favor of the county.[1] However, the People did not pursue the matter until April 2, 1986, at which time they filed the forfeiture order and the County Clerk entered judgment in accordance with its terms. According to an affirmation subsequently submitted by the People, the delay was the result of the District Attorney’s plan to "accommodate” Peerless by "holding up execution until [the parties had] an opportunity * * * to try to talk the [c]ourt out of the forfeiture.”
After the judgment was entered, Peerless moved under CPLR 5015 and 5240 for an order precluding its enforcement on the ground that the People had not acted within the 60-day time period prescribed by CPL 540.10 (2). County Court denied the motion, and the Appellate Division affirmed. Relying upon *327 the analysis in People v Bennett (136 NY 482), as well as on the broad statutory goal of punishing the criminal defendant and his surety for the former’s failure to appear, the Appellate Division held that CPL 540.10 (2)’s 60-day provision should not be construed as a limitation upon the People’s right to recover from the surety. We granted Peerless permission to appeal.[2] We now reverse.
 As a threshold matter, we note that this appeal presents no jurisdictional difficulty for this court. Although the caption from the criminal action has been retained for purposes of this appeal, the underlying proceeding, which was functionally analogous to a proceeding on an application for remission of bail forfeiture (see, CPL 540.30), is civil in nature and, accordingly, the appeal is governed by the statutory and constitutional provisions for civil appeals (see, People v Public Serv. Mut. Ins. Co., 37 NY2d 606, 610-611; Cohen and Karger, Powers of the New York Court of Appeals § 189 [d], at 711 [rev ed]). Further, the Appellate Division order from which Peerless appeals is final within the meaning of article VI, § 3 (b) of the State Constitution, since it affirms a trial court order which finally disposed of all of the issues in the special proceeding commenced by Peerless to challenge a judgment entered against it ex parte (see, Cohen and Karger, op. cit, § 36 [c], at 147).
Turning to the merits, we conclude that the courts below erred in their construction of CPL 540.10 (2). That subdivision provides that where bail posted in the form of a bail bond has been ordered forfeited, "the district attorney, within sixty days after the adjournment of the court at which such bond was directed to be forfeited, must proceed against the obligor or obligors who executed such bond, in the manner prescribed in subdivision three” (emphasis supplied). The first step in the prescribed procedure is the filing by the District Attorney of the forfeiture order (CPL 540.10 [3]).
Although the People in this case concededly did not take this step within the 60-day period specified in the statute, they assert that they should nevertheless be permitted to enforce the rights that they claim "vested” upon the issuance of the forfeiture order. According to the People, the late filing of the *328 order and entry of judgment "merely suspends the ability of the county to enforce the judgment” until those steps are accomplished. We disagree.
The People’s proposed construction of the statute would render its 60-day requirement without legal or practical effect. Such a result cannot be reconciled with the statute’s clear mandatory language (see, People v Alejandro, 70 NY2d 133, 139 ["mandatory provisions of a statute are generally treated as essential”]). While the Legislature’s use of the term "must” is not conclusive, such a word of command is ordinarily construed as peremptory in the absence of circumstances suggesting a contrary legislative intent (see, Spears v Mayor of City of N. Y., 72 NY 442; McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [a], at 343). Here, all of the surrounding circumstances are in harmony, and they all support a mandatory construction of the statute.
First, CPL 540.10 (2) provides that the People "must” proceed against the surety within 60 days in cases involving bail bonds, but that in cases involving cash bail they "may” simply appropriate the deposited sum "at any time” after the occurrence of the later of two specified events. Such a juxtaposition of seemingly mandatory and permissive terms within the same subdivision governing enforcement strongly suggests that the Legislature did not intend to give the People the open-ended discretion to proceed against sureties that they now seek.
Second, the legislative history of the 60-day provision supports the view that the People were not to retain unfettered discretion in determining when to proceed on a bail bond. Before 1926, the statute governing the procedure upon a bail forfeiture provided that the People "may, at any time * * * proceed” against the surety (former Code Crim Pro § 595). In that year, however, the statute was amended to provide that the People "within sixty days * * * shall proceed” against the surety (L 1926, ch 478, § 1). The purpose of the amendment was "to tighten up the law and remedy some of the [existing] bail abuses” and, more specifically, to "provide that the District Attorney shall bring proceedings against the surety * * * within 60 days * * * instead of leaving it discretionary to bring such action at any time” (Letter from Secretary of Committee on Criminal Courts of Charity Organization Society of City of New York to Governor, Bill Jacket, L 1926, ch 478 [emphasis supplied]). When the former Code of Criminal *329 Procedure was recodified as the Criminal Procedure Law in 1971, the 60-day provision was retained and the word "must” was substituted for "shall,” thereby reinforcing the Legislature’s mandatory intention.
In light of this specific legislative background, the Appellate Division should not have relied on the general punitive purpose of the bail forfeiture provisions. Although it is true, as the Appellate Division observed, that CPL 540.10, taken as a whole, is designed to punish the defendant and the surety for the defendant’s failure to appear in court as required, it is also true that "the Legislature has * * * the right * * * to select the methods to be used in effectuating its goals, as well as to choose the goals themselves” (Sheehy v Big Flats Community Day, 73 NY2d 629, 634). In this instance, the Legislature has opted to effectuate its over-all punitive goal, in part, by eliminating any discretion that the District Attorney’s office might otherwise have and directing it to take the required steps to enforce the court’s forfeiture order within a prescribed time frame. Evidently, the Legislature determined that the strength of sureties’ inducement to ensure defendants’ timely appearances would be weakened if they knew that the District Attorney was free to engage in extended negotiations over enforcement of the bond promise (cf., People v Public Serv. Mut. Ins. Co., supra, at 611 [strength of inducement to return absconding defendant within "a reasonable period” would be weakened if remission is "easily granted as a matter of course”]). This legislative choice can best be effected if CPL 540.10 (2) is construed to preclude the People’s recovery on a bail bond where they fail to proceed against the surety in a timely manner.
Finally, contrary to the People’s argument, nothing in the analysis in People v Bennett (supra) is inconsistent with our present construction of the statute. The People place great reliance on the statement in Bennett that once the defendant’s nonappearance is noted on the record, "[n]o further or formal order is necessary to fix the liability of the surety” (136 NY, at 487). However, as the court went on to note: "It is important to observe the distinction between the time when the forfeiture is incurred and the time when the judgment may be entered. The one relates to the maturity of the debt, the other to the application of the remedy for its enforcement” (id.; cf., Sharrow v Inland Lines, 214 NY 101 [distinguishing between time limitations affecting the right to recover and those merely restricting the remedy]).
*330 In Bennett, where the defendant’s failure to appear at the required time was noted on the record but the court’s bail forfeiture order was not actually entered until after the defendant had been returned and produced in court, the issue was the time when the surety’s debt matured and became fixed. It was in that context that the court held that the date of the criminal defendant’s recorded nonappearance, rather than the date the formal forfeiture order is entered, is controlling. Here, in contrast, the dispute concerns the entirely separate problem of the People’s attempt to recover on the surety’s bond, i.e., "the application of the remedy for [the debt’s] enforcement.” In that connection, the dictum of the Bennett court is instructive. Foreshadowing the analysis in this case, the Bennett court observed: "It may be that * * * the entry of an order declaring the forfeiture is a prerequisite to the right of the People to summarily enter judgment” (136 NY, at 487).
Applying the modern version of the 60-day provision that was added almost 30 years after Bennett was decided (CPL 540.10 [2]; see, L 1926, ch 478, § 1), we now conclude that, under the present statutory scheme, the timely entry of the court’s forfeiture order is a necessary prerequisite to the People’s ability to recover from the surety. While, as in Bennett, the substantive obligation of the surety is theoretically left intact, the passage of the time period specified in CPL 540.10 (2) operates permanently to suspend the remedy for the debt’s enforcement so that, as a practical matter, the result is the same: the People are precluded from recovering. In that respect, the 60-day provision is analogous to a conventional Statute of Limitations, which suspends the remedy without abolishing the substantive right (see generally, Hulbert v Clark, 128 NY 295; Siegel, NY Prac § 34).
Here, it is undisputed that the People did not satisfy the CPL 540.10 (2) limitations period by filing the court’s bail forfeiture order in a timely manner. Further, their stated reason for delaying — their intention to "accommodate” Peerless by giving it an opportunity to "try to talk the [c]ourt out of the forfeiture” — is precisely the type of conduct that the 60-day requirement was adopted to prevent. While this circumstance is not a controlling factor since the statute penalizes the People’s delay without regard to their motives, it nonetheless is instructive in that it highlights the need for a mandatory rule such as the one embodied in CPL 540.10 (2).
*331 Because of their conceded delay in filing the bail forfeiture order, the People were not entitled to pursue their remedy against the surety. Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion by Peerless granted.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order affirmed, etc.

. Schonfeld, who was rearrested shortly thereafter, appeared in court on October 29,1985.

. Defendant Schonfeld’s separate motion for leave to appeal was dismissed on the ground that Schonfeld, who had not joined in Peerless’s application in the trial court, was not a party to the CPLR 5015/5240 proceeding (73 NY2d 987).