OPINION OF THE COURT
Ronald J. Aiello, J.
The surety moves to vacate various judgments which were *516 entered by the King’s County District Attorney after the 60-day period had expired, as provided by CPL 540.10 (2) and to prevent enforcement by the District Attorney of those bail forfeitures which have been declared by various Supreme Court Justices, but which have not yet been perfected by the District Attorney’s office as required by CPL 540.10 (2).
It is the People’s position that the surety must make application to vacate the bail forfeiture within one year after the forfeiture of the bail is declared (CPL 540.30 [2]) or the surety is barred.
The People argue that although they failed to act within the 60-day time period, if the surety fails to act within the one-year time period, he is barred from making an application for remission.
The People’s argument ignores the holding in People v Schonfeld (74 NY2d 324). In that matter, the issue was whether the District Attorney’s failure to proceed against the surety within the 60-day time period specified in CPL 540.10 (2) precludes recovery on the bail bond. Although the People argued that the limitation period was merely directory, the court held that the plain language of the statute and its legislative history indicate that its provisions are mandatory and accordingly, where the People have not taken timely steps to perfect their rights under "a bail forfeiture order, their ability to enforce that order may itself be forfeited.” (People v Schonfeld, supra, at 326.) Similarly rejected was the People’s argument that, although they did not take the proper steps within the 60-day period specified in the statute, they nevertheless should be permitted to enforce the rights they claim vested upon the issuance of the forfeiture order. According to the People, the late filing of the order and entry of judgment "merely suspends the ability of the County to enforce the judgment” until those steps are accomplished.
In sum, it is this court’s opinion that CPL 540.10 (2) requires the District Attorney to proceed against the obligor who executed the bond by filing a certified copy of the order of the court together with the bond, in the office of the County Clerk.[1] A failure to follow this statutorily mandated procedure precludes the People from ever enforcing the forfeiture. This *517 is so, regardless of whether or not the surety commences his application within one year.
"This legislative choice can best be effected if CPL 540.10 (2) is construed to preclude the People’s recovery on a bail bond where they fail to proceed against the surety in a timely manner”. (People v Schonfeld, supra, at 329.) It thus appears that the People will never be able to enter judgment and recover from the surety, despite the underlying validity of the forfeiture order. A "timely entry of the court’s forfeiture order is a necessary prerequisite to the People’s ability to recover from the surety.” (People v Schonfeld, supra, at 330.)[2]
As to the question of whether the surety’s failure to comply with CPL 540.30 (2) prevents it from commencing an action to vacate judgment, the answer to that question as indicated above, must be in the negative. Notwithstanding the passing of more than one year, the surety is entitled to the sum ordered forfeited because nothing was ever forfeited in fact.
It appears to this court that the People’s failure to enforce the bond promise has resulted in a situation in which, for practical purposes, no debt which can be legally enforced was incurred. It would logically follow, therefore, as is the case where the forfeiture is void (People v Zangrillo, 56 AD2d 668), the surety would not need to rely on the authority of CPL 540.30 to recover money which it never, in fact, lost. The bail was never legally forfeited, and the surety does not require the authority of CPL 540.30 (2) to vacate the judgments of forfeiture. Stated simply and bluntly, the District Attorney must first comply with the statutory mandates of CPL 540.10 (2), before he can raise the one-year "Statute of Limitations” given to him by CPL 540.30 (2).

. As was stated in People v Schonfeld (supra, at 328), the legislative history of the 60-day provision supports the view that the People were not to retain unfettered discretion in determining when to proceed upon a bail bond.

. Perhaps foreshadowing the analysis of the Schonfeld case (supra), the Court of Appeals in 1893, in People v Bennett (136 NY 482, 487), in analyzing a predecessor statute of CPL 540.10 (2) observed: "it may be that * ** * the entry of an order declaring the forfeiture is a prerequisite to the right of the People to summarily enter judgment”.