■ In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (DELROY BAILEY), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 1.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (THOMAS CARBONE), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 2.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (ANTOINE CARTER), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 3.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (VICTOR DEPEIZA), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Pro-

ceeding No. 4.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (VICTOR DEPEIZA), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 5.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (CAESAR FLOWERS), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 6.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (HARRY GADSON), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding. No. 7.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (JOEL HALL), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 8.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (MIGUEL HERNANDEZ), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 9.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (EDWARD JONES), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 10.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (MICHAEL LEWIS), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 11.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (GLEN LANE), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 12.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (JOHN MANCUSI), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 13.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (JOEL MEDINA), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 14.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (DENNIS MOORE), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 15.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (RIYAD PARKHAM), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 16.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (JOSEPH PEREZ), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 17.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (JOSEPH PISTONE), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 18.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (MARK QUASHIE), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 19.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (CAMPO RAMIREZ), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 20.) In

the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (EDDY RAMIREZ), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 21.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (MIGUEL SERRANO), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 22.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (RAYMOND STONA), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 23.) In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (PEDRO ZAPATA), Respondent, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Proceeding No. 24.) [618 NYS2d 399] —In 24 special proceedings pursuant to CPLR 5015 and 5240, which have been consolidated for appeal, the People of the State of New York appeal from 24 orders of the Supreme Court, Kings County (Aiello, J.), all dated January 14, 1993 (one in each proceeding), which granted the separate motions of International Fidelity Insurance Company, as surety, to remit the forfeiture of bail of its principals and to vacate the judgments entered thereon.

Ordered that the orders are affirmed, with one bill of costs.

The surety, International Fidelity Insurance Company, posted bail bonds for the criminal defendants in these consolidated appeals. Upon the failure of the defendants to appear in court, their bail was ordered forfeited (CPL 540.10 [1]). However, in all of the cases at issue here, the People failed to comply with CPL 540.10 (2) and (3), and neglected to file the orders to obtain judgments within the 60-day period provided by the statute. The People argue that their untimeliness should be excused because the surety did not move to preclude enforcement for more than a year after the judgments were entered.

The People's contention is without merit. The Court of Appeals has made clear in *People v Schonfeld* (74 NY2d 324), that "under the present statutory scheme [i.e., CPL 540.10], the *timely* entry of the court's forfeiture order is a necessary prerequisite to the People's ability to recover from the surety" *(People v Schonfeld, supra,* at 330; *see also, People v Bennett,* 136 NY 482). The Legislature's intention, the Court reasoned, "can best be effected if CPL 540.10 (2) is construed to *preclude* the People's recovery on a bail bond where they fail to proceed against the surety in a timely manner" *(People v Schonfeld, supra,* at 329 [emphasis added]). The *Schonfeld* Court has thus made the People's compliance with the statute's 60-day rule a condition precedent to the recovery of

forfeiture judgments. Only the Legislature can amend CPL 540.10 to provide that the People's right to such recovery revives if the surety fails to move within a specified time to vacate a judgment not entered within the 60-day statutory period.

In addition, we conclude that the Supreme Court could have properly vacated the judgments under CPLR 5240, which provides that "[t]he court may *at any time,* on its own initiative or the motion of any interested person * * * make an order denying * * * the use of any enforcement procedure" (emphasis supplied). Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.