■ In the Matter of INTERNATIONAL FIDELITY INSURANCE COMPANY (FRANK PETTI), Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [658 NYS2d 439] —In a proceeding pursuant to CPL 540.30 and CPLR 5015 and 5240, *inter alia,* for the remission of a forfeiture of bail, International Fidelity Insurance Company, as surety, appeals from an order of the County Court, Nassau County (Wexner, J.), dated August 1,

1996, which denied its motion to remit the forfeiture of bail of its principal, Frank Petti, and to vacate the judgment entered thereon.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the judgment is vacated.

On November 28, 1995, the defendant Frank Petti (hereinafter the defendant) failed to appear before the County Court, Nassau County, for sentencing under Indictment No. 90847. The court issued a bench warrant but stayed the forfeiture of bail—a $20,000 bond posted by International Fidelity Insurance Company (hereinafter International)—until December 5, 1995. On December 5, 1995, when the defendant again failed to appear, the court ordered bail forfeited on the record. The written order declaring the bail forfeited was signed on March 13, 1996, and was amended by order entered March 25, 1996, nunc pro tunc to March 13, 1996.

On April 1, 1996, the People entered the amended order together with the bond with the County Clerk, obtained a judgment pursuant to CPL 540.10 (3), and sought payment from International. International thereafter moved to vacate the judgment on the ground that the People had not timely proceeded against International as required by CPL 540.10 (2). The court denied International's motion. We now reverse.

CPL 540.10 (1) provides, *inter alia,* that if a defendant subject to bail does not appear when required, "the court must enter such facts upon its minutes and the bail bond or the cash bail, as the case may be, is thereupon forfeited" *(see, e.g., People v Bennett,* 136 NY 482; *People v Sang Lee,* 179 AD2d 829; *People v Midland Ins. Co.,* 97 Misc 2d 341). Under CPL 540.10 (2), where, as here, the "forfeited bail consisted of a bail bond", the District Attorney "*must* proceed against the obligor * * * within sixty days after the adjournment of the court at which such bond was directed to be forfeited" (emphasis supplied). Here, on December 5, 1995, the bond was directed to be forfeited. Under the mandatory language of the statute, "the timely entry of the court's forfeiture order is a necessary prerequisite to the People's ability to recover from the surety" *(People v Schonfeld,* 74 NY2d 324, 330; *see also, Matter of International Fid. Ins. Co. [Bailey] v People,* 208 AD2d 838). It was the People's obligation to see to it that an order signed by the court, or even a certified copy of the transcript of the proceedings dated December 5, 1995, was timely filed with the County Clerk. Because of the People's unexplained failure to do so, they are precluded from recovering upon the bail bond

*(see, Matter of International Fid. Ins. Co. [Bailey] v People, supra).* Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.