OPINION OF THE COURT
Peter M. Leavitt, J.
*269 This is an application pursuant to CPL 540.30 for remission of the forfeiture of a bail bond, and for vacatur of the forfeiture order. It is ordered and adjudged that this application is, in all respects, denied.
On June 4, 1997, the above-named defendant was released to the custody of the above-named surety—movant herein—upon the posting of a $3,500 bail bond. Defendant failed to appear as directed before the Justice Court for the Town of Eastchester on July 7 and July 23, 1997, and bail was forfeited on the latter date. Defendant has yet to appear before the Justice Court or, for that matter, any other court. Nor has the surety alleged any reason for defendant’s failure to appear or that it, or defendant, has made any efforts to secure her appearance. Instead, the surety asserts that it is entitled to remission and vacatur solely as a consequence of the failure of the District Attorney of Westchester County to file with the Westchester County Clerk a certified copy of the forfeiture order as she is required to do pursuant to CPL 540.10 (3).
Clearly, as the District Attorney concedes, her nonfeasance renders unenforceable the underlying debt which was created by the forfeiture order. (People v Schonfeld, 74 NY2d 324 [1989].) But the integrity of the substantive rights and obligations which attend the underlying debt are not adversely affected by the permanent suspension of the District Attorney’s ability to enforce it. (Supra, at 330.) Much less does this circumstance affect the validity of the judicial decree—i.e., the forfeiture order—by which said debt was created.
The surety’s reliance upon two decisions of the Appellate Division, Matter of International Fid. Ins. Co. (Petti) v People (240 AD2d 494 [2d Dept 1997]) and Matter of International Fid. Ins. Co. (Bailey) v People (208 AD2d 838 [2d Dept 1994]), is unavailing. In both cases the District Attorney had obtained judgments from the County Clerk utilizing the summary procedure authorized by CPL 540.10 (3), despite that the prerequisite filing of the forfeiture order had been untimely. In each case the surety instituted a proceeding for remission of the forfeitures and to vacate the judgments which had been summarily entered upon such forfeitures—i.e., not the forfeiture orders themselves. Thus, in each proceeding, an appeal of a determination of motion for remission—denying in Petti and granting in Bailey—was, procedurally, before the Court. Yet, in each decision, the Appellate Division addressed and granted only the motions to vacate the summarily entered judgments— applications which are not before this court in the *270 instant proceeding. In neither decision did the Court so much as mention the merits of the motions for remission,* much less place its imprimatur upon the granting of such a "remedy” for a District Attorney’s failure to file. To the extent that recent decisions rendered by some of its distinguished brethren at nisi prius—copies of which the surety has annexed to its papers— may have adopted a more expansive interpretation, this court respectfully disagrees and declines the surety’s entreaty that it do likewise.
It is, of course, well settled that courts possess the inherent power to vacate erroneous, illegal, ultra vires or fraudulently obtained judgments. (See, e.g., Chambers v NASCO, Inc., 501 US 32 [1991]; Matter of Lockett v Juviler, 65 NY2d 182 [1985]; Matter of Lyons v Goldstein, 290 NY 19 [1943].) However, this is not an instance in which said inherent power should be employed to retroactively declare a forfeiture order void ab initio. (Compare, e.g., People v Wirtschafter, 305 NY 515 [1953] [bail had been accepted illegally]; People v Salabarria, 121 AD2d 438 [2d Dept 1986] [forfeiture was illegally imposed because defendant had not been directed to appear on the date on which his absence occasioned the forfeiture]; but see, contra, People v International Fid. Ins. Co., 155 Misc 2d 515, 517 [Sup Ct, Kings County 1992].) Movant herein does not contest that the Justice Court lacked jurisdiction, or that its actions were ultra vires or otherwise illegal, in setting or accepting the bail bond or imposing the forfeiture. There being no such defect in the forfeiture order, there are no grounds for its vacatur. Indeed, neither CPL 540.10 nor any other statute provides for such drastic relief. Rather, CPL 540.30 provides only for remission of the forfeiture. Though neither consequence is available where, as here, the only alleged ground therefor is a District Attorney’s failure to file the forfeiture order after the fact of its declaration, the distinction is, nonetheless, worthy of note.
If there are grounds on which to vacate the forfeiture order (see, e.g., People v Wirtschafter, supra; People v Salabarria, supra), a surety is entitled as of right to the return of its bond simply because there is no longer any reason or authority for its retention. There is, however, no such right to remission. Remission is, "but an act of grace which the Legislature may take away if it so declares its purpose * * * It is purely statutory and the provisions thereof must be strictly construed” *271 (People v Public Serv. Mut. Ins. Co., 43 AD2d 963 [2d Dept 1974], affd 37 NY2d 606 [1975]). The possibility of remission provides an incentive for a defaulting surety to purge itself, and thereby avoid the effects of the "over-all punitive goal” (People v Schonfeld, supra, at 329) of the bail statutes, by belatedly satisfying the obligation which it had originally undertaken but failed to fulfill. Hence, an applicant for remission bears the burden of establishing that such relief will accomplish, "the primary purpose of the remission statute [i.e.,] to achieve the return of the absent defendant”. (People v Public Serv. Mut. Ins. Co., 37 NY2d, at 612.)
Had the Legislature intended that remission should be granted on other grounds—such as the mere failure to perform the ministerial act of filing a document with the County Clerk—it would have said so. (Compare, e.g., Matter of Podolsky v Narnoc Corp., 196 AD2d 593 [2d Dept 1993]; Murphy Constr. Corp. v Morrissey, 168 AD2d 877 [3d Dept 1990] [failure to timely file proof of service of notice of lien discharges debt pursuant to Lien Law § 11]; see also, Matter of HMB Acquisition Corp. v F&K Supply, 209 AD2d 412 [2d Dept 1994] [failure to use method of service prescribed in Lien Law].) As the Legislature did not include a provision for the grant of remission on any other grounds, there are no other grounds therefor. Neither the functions of, nor the powers accorded to, our judiciary include fashioning from whole cloth a "remedy” for a public officer’s failure to perform a ministerial act—the duty to perform which act is not owed to, nor vests any right in, the applicant for such "remedy”—by granting a legislative "act of grace” in circumstances which the Legislature has not said it should, or may, be granted.
In sum, the surety posted bond as an assurance to the Justice Court for the Town of Eastchester that the defendant released to its custody would appear when directed. The surety thereby knowingly entered into an agreement whereby it would incur a substantial financial liability if it should fail to fulfill its obligations. Yet, having failed even to make an attempt to fulfill its obligations to the court, the surety now seeks to escape all of the liquidated consequences of its breach by invoking the subsequent nonfeasance of a third party, which nonfeasance has already permitted the surety to effect a partial *272 escape. There is no reason, in logic, law or equity, why the fortuitous circumstance of said nonfeasance should render the surety’s escape complete.

 Nor, of course, did the Court discuss vacatur of the forfeiture orders; no motions therefor had, apparently, been interposed.