OPINION OF THE COURT
John J. Ark, J.
The issue before this court is whether the District Attorney, seeking recovery on a $100,000 bail bond wherein the court has not specifically revoked bail, has proceeded timely against the surety within the 60-day period specified in CPL 540.10 *496 (2). More specifically, does the court’s failure or refusal to revoke bail toll the provisions of CPL 540.10?
The chronology of events follows.
On October 14, 1997, the day scheduled for jury selection, the court had before it neither murder second degree defendant Pete Nicholas nor an explanation of his nonappearance. The court noted the nonappearance on the record and issued a bench warrant. Although requested by the District Attorney, forfeiture of the $100,000 bail bond was not articulated by the court. The matter proceeded to trial without the defendant’s presence or participation.
On October 23, 1997, upon conviction of murder in the second degree, the District Attorney set out on the record the defendant’s continued nonappearance and the People’s anticipated application for a bail forfeiture. Per CPL 530.45 (1), the absent defendant was to be in custody.
On November 6, 1997, the People again reiterated their intention to seek forfeiture of bail. The matter was scheduled for sentencing on November 20, 1997.
On November 20, 1997, the People requested permission to seek an order forfeiting bail which the court granted with the possibility of imposing conditions on the execution of the order. The defendant still had not been heard from.
On or about November 29, 1997, the defendant was arrested in New York City during the alleged commission of another crime.
On December 9, 1997, the People moved the court for an order and judgment upon the November 20th declaration of forfeiture.
On December 18, 1997, the defendant finally appeared in court, basically stating that he failed to return to court for trial because he had not paid his attorney in full and felt that the attorney would not adequately represent him. Upon adjournment, the District Attorney noted that at the next appearance he would present the bail forfeiture application that he had submitted to the court for its approval.
On January 12, 1998, the bail bond forfeiture order with stay was signed and then filed in the Monroe County Clerk’s Office on January 13, 1998.
On May 11, 1999, the District Attorney moved to vacate the stay of the January 12, 1998 order of forfeiture, which is the basis of this decision.
The surety argues that the forfeiture occurred on October 14, 1997, the first day of the defendant’s nonappearance, and that *497 the order of forfeiture should be vacated since it was not filed timely within 60 days as required by CPL 540.10. The District Attorney argues that bail is not forfeited until the court specifically states that bail is forfeited and also determines the sufficiency of the defendant’s excuse, if any. The District Attorney avers that bail was not forfeited until the court finally so stated on November 20, 1997.
As for the District Attorney’s contention that the court must determine the sufficiency of the excuse, a finding of “without sufficient excuse” implies knowledge of the excuse. However, awaiting the excuse would delay forfeiture until its proffer. An absent defendant could prevent the forfeiture of bail by his continued nonappearance, thereby vitiating the purpose of bail. Accordingly, “no excuse”, which was the situation on November 20, 1997 (the defendant not having been heard from until December 18, 1997), is “without sufficient excuse”.
This court specifically did not forfeit bail when the defendant failed to appear for his October 14, 1997 trial date. CPL 540.10 (1) mandates: “If, without sufficient excuse, a principal does not appear when required * * * the court must enter such facts upon its minutes and the bail bond * * * is thereupon forfeited.” Accordingly, bail was forfeited by operation of law when the defendant failed to appear in court and that fact was entered in the minutes of October 14, 1997. This CPL 540.10 stricture was applied by the Fourth Department in People v Smith (249 AD2d 983 [1998]), which held that “[b]ail was forfeited upon defendant’s recorded nonappearance at the scheduled trial date”.
This court believes that on December 9, 1997, by moving for an order and judgment upon the November 20th declaration of forfeiture, the District Attorney “proceeded” against the obligor within the requisite 60 days. However, the law of New York is otherwise. In People v Schonfeld (74 NY2d 324, 330) the Court of Appeals held “that under the present statutory scheme, the timely entry of the court’s forfeiture order is a necessary prerequisite to the People’s ability to recover from the surety.”
Applying Smith (supra) and Schonfeld (supra) to the instant facts, the January 12, 1998 forfeiture order was not filed within 60 days of the October 14, 1997 recorded nonappearance. Whether the court had declared the bail forfeited is rendered moot by the literal language of CPL 540.10 as particularly applied by the Court of Appeals in Schonfeld and the Fourth Department in Smith. Once a bailed defendant fails to appear, the courts have no forfeiture discretion until a remission ap *498 plication is made pursuant to CPL 540.30. Accordingly, the People are precluded from pursuing their remedy against the surety. Ironically, as of October 20, 1998, CPL 540.10 was amended to extend from 60 to 120 days the period of time in which to file forfeiture orders. This amendment may well be to alleviate the rigor of CPL 540.10 as applied in Schonfeld.
The District Attorney’s request to vacate the stay of judgment of January 12, 1998 is denied.