■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETE NICHOLAS, Defendant. INTERNATIONAL FIDELITY INSUR-

ANCE Co., Respondent. [720 NYS2d 868] —Order reversed on the law without costs, motion granted and stay of enforcement of bail forfeiture order vacated. Memorandum: Supreme Court erred in denying the People's motion to vacate the stay of enforcement of a bail forfeiture order and in determining that the People were precluded from pursuing a remedy against the surety. When defendant failed to appear for trial on October 14, 1997, the court noted defendant's absence and issued a bench warrant. The court did not, however, make a finding at that time that defendant was absent without sufficient excuse, which is a prerequisite to the forfeiture of the bail bond (see, CPL 540.10 [1]). On November 20, 1997, the court noted on the record that defendant was unavailable and that his absence was unexcused. At that point, the bail bond was forfeited, and the People were required to proceed against the surety within 60 days (see, CPL 540.10 [former (2)]; People v Schonfeld, 74 NY2d 324, 330; People v Smith, 249 AD2d 983). The court signed a forfeiture order on January 12, 1998, which the People filed the following day, within the 60-day time period.

We disagree with the dissent that the bail bond was forfeited on October 14, 1997, the first time that defendant failed to appear in court. The statute provides that bail is not forfeited until defendant fails to appear "without sufficient excuse" (CPL 540.10 [1]). Here, although defendant failed to appear on October 14, 1997, the court did not determine until November 20, 1997, that his absence was without sufficient excuse.

All concur except Hayes, J., who dissents and votes to affirm in the following Memorandum.

Hayes, J. (dissenting): I respectfully dissent. In my view, Supreme Court properly denied the People's motion to vacate the stay of enforcement of a bail forfeiture order and determined that the People were precluded from pursuing a remedy against the surety. Defendant appeared before the court on August 12, 1997, at which time the court advised defendant of the October 14, 1997 trial date. Defendant failed to appear for trial on that date and no excuse was offered for his absence. The court issued a bench warrant at that time. Defendant failed to appear for the almost two-week trial and failed to appear for the two sentencing dates in November 1997. Defendant was finally arrested in late November in New York City for an unrelated crime.

Pursuant to CPL 540.10 (1), "[i]f, without sufficient excuse, a [defendant] does not appear when required * * * the court must enter such facts upon its minutes and the bail bond * * * is thereupon forfeited." No excuse for defendant's nonappear-

ance for trial on October 14, 1997 appears in the record and, indeed, the court would not have issued a bench warrant if defendant's absence had been excused. Bail was thus forfeited by operation of law on October 14, 1997, upon defendant's recorded failure to appear on the scheduled trial date without a sufficient excuse (*see generally, People v Bennett,* 136 NY 482, 487, *rearg denied* 137 NY 601; *People v Smith,* 249 AD2d 983; *People v Sang Lee,* 179 AD2d 829, 830). "The District Attorney's failure to proceed against the surety within 60 days of the forfeiture (*see,* CPL 540.10 [former] [2]) precludes the People's recovery on the bail bond" (*People v Smith, supra,* at 983; *see, People v Schonfeld,* 74 NY2d 324, 326). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—CPL art 540.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.