People v Empire Bonding & Ins. Co. (2021 NY Slip Op 03120)





People v Empire Bonding & Ins. Co.


2021 NY Slip Op 03120


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Sallie Manzanet-Daniels Angela M. Mazzarelli Manuel Mendez


Ind No. 1833/16 Appeal No. 13886 Case No. 2020-02829 

[*1]The People of the State of New York, Respondent,
v
Empire Bonding & Insurance Co., Surety-Appellant, Stanley Fletcher, Defendant.



Surety appeals from the order of the Supreme Court, New York County (Ellen N. Biben, J.), entered October 11, 2019, which denied Empire Bonding's motion pursuant to CPLR 5015 to vacate the judgment of bail forfeiture in the amount of $100,000.




Metcalf & Metcalf, P.C., New York (Nanette Ida Metcalf of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia J. Bailey and John T. Hughes of counsel), for respondent.



RENWICK, J.P. 


In this special proceeding brought pursuant to CPLR 5015 by a surety of a defendant in a criminal case, the dispositive question is whether a surety is procedurally precluded from moving to vacate a judgment of bail forfeiture as untimely made. The People argue that the application is precluded because the surety did not move within the one-year time limit applicable to a motion for remission of the forfeiture, which, as set forth in CPL 540.30(2), "must be made within one year after the forfeiture of bail is declared." We answer the question in the negative because the People must first comply with the statutory mandate of CPL 540.10(2) before they can raise the one-year statute of limitations of CPL 540.30(2). The People did not comply with CPLR 540.10(2), which requires the People to reduce a bond obligation to a judgment within 120 days after the forfeiture is declared by the court.
The relevant facts are essentially undisputed. On August 4, 2015, the defendant in the criminal case, Stanley Fletcher (defendant), was released to the custody of the surety, Empire Bonding & Insurance Co., upon the posting of a $100,000 bail bond. On February 21, 2017, defendant failed to appear at his scheduled suppression hearing. The case was adjourned to April 25, 2017, to permit Empire Bonding to avoid a forfeiture by producing the defendant or excusing his nonappearance. Defendant, however, did not appear at the adjourned court date, nor did Empire Bonding offer an excuse for his absence. Instead, the People informed the court that defendant had recently been arrested and incarcerated in Maine. Accordingly, the court issued a warrant for defendant's arrest, while concomitantly forfeiting the $100,000 bond that Empire Bonding had posted on behalf of defendant.
After the Maine criminal proceeding was resolved  by a guilty plea and the time served on the plea  defendant voluntarily returned to New York County Supreme Court, on January 29, 2018. The court vacated the arrest warrant and remanded defendant. During this court appearance, the People requested that bail be forfeited. After oral argument and a review of its own court record, the court concluded that bail had been forfeited already in April 2017. Nevertheless, the court issued a written order, dated January 29, 2018, which ordered that bail be forfeited. Then, on March 23, 2018, pursuant to CPL 540.10(3), the People filed the order with the New York County Clerk.
Meanwhile, on May 10, 2018, defendant pleaded guilty in the underlying [*2]criminal case, and he was sentenced to a two-year prison term on June 12, 2018. Subsequently, Empire Bonding moved for remission of the forfeited bail pursuant to CPL 540.30(2). On December 3, 2018, the court denied the application upon a finding that defendant's failure to appear was due to his "willful misconduct," i,e., getting arrested and incarcerated in Maine for offenses committed while he was on bail in the New York County case. The court also found that Empire Bonding failed to establish that it made reasonable efforts to return defendant to court during the relevant time. By an order dated January 9, 2019, the court also denied Empire Bonding's motion for reconsideration.
The application at issue in this appeal was made on March 22, 2019. Pursuant to CPLR 5015, Empire Bonding moved to vacate the judgment of bail forfeiture on the ground that the judgment was unenforceable "because the People filed the necessary papers with the court more than 120 days from the forfeiture date of April 25, 2017 in violation of CPL 540.10(2)." By an order dated September 12, 2019, the court denied the motion, reasoning as follows:
"Surety's motion entirely neglects the portion of this court's January 8, 2019 decision which found that Surety's failure to timely file its bail remission application or provide a compelling explanation for the filing delay was fatal to that application, and further that, where forfeiture of the bail was appropriate under the circumstances, the vacatur of that judgment was not warranted (see January 8, 2019 Decision and Order and the cases cited therein). Indeed, the only basis Surety provides for vacating the forfeiture order is the People's failure to timely file its paperwork. As the court already noted in its prior decision, the People's failure to file its paperwork within the statutorily proscribed period may bar them from recovering the forfeited bail, but it does not render the forfeiture order invalid."
For the reasons that follow, we find that Supreme Court improperly denied the application by Empire Bonding, pursuant to CPLR 5015, to vacate a judgment of bail forfeiture. New York's bail bond forfeiture process is governed by CPL article 540. When a criminal defendant fails to appear and the surety fails to produce the defendant as required, the bail bond is forfeited pursuant to CPL 540.10(1). That section states:
"If, without sufficient excuse, a principal does not appear when required or does not render himself amenable to the orders and processes of the criminal court wherein bail has been posted, the court must enter such facts upon its minutes and the bail bond or the cash bail, as the case may be, is thereupon forfeited."
The bail bond is deemed forfeited when the defendant's nonappearance is entered on the minutes of the court coupled with the court's declaration that the bond is "forfeited" (see People v Nicholas, 97 NY2d 24, 28-29 [2001]). The court's notation of the defendant's nonappearance and forfeiture [*3]of the bond is thereafter reduced to a written order of forfeiture. CPL § 540.10(2) requires that the People initiate the process within 120 days after the forfeiture is declared by filing a certified copy of the order of forfeiture and the bond with the clerk of the county. Once this occurs, the clerk enters the forfeiture order as a civil judgment of forfeiture against the surety, and it then becomes a lien on any real estate the surety owns in the particular county.
The Court of Appeals made clear in People v Schonfeld (74 NY2d 324 [1989]) that "under the present statutory scheme [i.e., CPL 540.10], the timely entry of the court's forfeiture order is a necessary prerequisite to the People's ability to recover from the surety" (id. at 330; see also People v Bennett, 136 NY 482, 488-489 [1893]). The legislature's intention, the Court reasoned, "can best be effected if CPL 540.10(2) is construed to preclude the People's recovery on a bail bond where they fail to proceed against the surety in a timely manner" (Schonfeld, 74 NY2d 329). The Schonfeld Court has thus made the People's compliance with the statute's current 120-day rule a condition precedent to the recovery of a judgment of bail forfeiture. The People's failure to comply with this 120-day filing requirement absolutely bars any remedy for enforcement of the debt. Thus, the 120-day period is "analogous to a conventional Statute of Limitations, which suspends the remedy without abolishing the substantive right" (Schonfeld, 74 NY2d at 330).
In this case, the People do not dispute that they failed to comply with the 120-day filing requirement and thus that they are absolutely barred from any remedy for enforcement of the debt. Nevertheless, as indicated, the People argue that the instant application is barred by CPL 540.30(2), which requires all applications for remission of forfeited bails to be made within one year of the forfeiture. We disagree. Notwithstanding the passing of more than one year, the surety is entitled to vacate the judgment of bail forfeiture, because nothing was ever forfeited in fact.
It was error for Supreme Court to treat this motion to vacate the judgment of bail forfeiture as analogous to an application for remission under CPL 540.30(2) and subject to the time limitation contained therein. While granting remission of bail after a forfeiture may ameliorate the harsh effects of a forfeiture on the surety, the primary purpose of this section is to achieve the return of the absent defendant (People v Public Serv. Mut. Ins. Co. [Robinson], 37 NY2d 606, 612 [1975]). The possibility of remission provides an incentive for a defaulting surety to purge itself, and thereby avoid the effects of the overall punitive goal of the bail statute, by belatedly satisfying the obligation that the surety had originally undertaken but failed to fulfill (People v Schonfeld, supra at 329). Whether to grant an application for remission is within the discretion of the court (see e[*4].g. People v Nichols, 184 AD3d 1 [1st Dept 2020] [finding that court abused discretion in denying application where failure to appear in court was not willful but due to a disabling mental illness, as shown by psychiatrist's letter]). "In making the application, a defendant or surety has the burden of proving that the defendant's failure to appear was not deliberate and willful, and that the failure did not prejudice the People or deprive them of any rights" (id. at 5 quoting Matter of Indemnity Ins. Co. of N. Am. v People, 133 AD2d 345, 346 [2d Dept 1987], lv denied 70 NY2d 613 [1987]).
In contrast, a motion to vacate a judgment of bail forfeiture is a direct challenge to the People entering an untimely judgment. In fact, the People's failure to timely file a certified copy of the order of forfeiture of a bail bond is not a ground for the surety to request remission of forfeiture (see People v Santiago, 175 Misc 2d 268, 270 [Westchester County Ct, 1998]). Rather, a motion to vacate the judgment of bail forfeiture simply seeks to invoke the power possessed by a court, pursuant to CPLR 5015, to vacate a judgment entered by the People that was beyond their power to do by entering an untimely judgment in contravention of CPLR 540.10(2). Under the circumstances, a motion to vacate the judgment of bail forfeiture should not be subject to the time limitation applicable to a motion for remission of the forfeiture, which, as set forth in CPL 540.30(2), "must be made within one year after the forfeiture of the bail is declared."
A contrary interpretation would be both unreasonable and contrary to practical experience. In fact, the People do not dispute that their right to recovery is not revived if the surety fails to move to vacate a judgment within the statutory period for remission (see Matter of International Fid. Ins. Co. [Petti] v People, 240 AD2d 494 [2d Dept 1997], lv denied 90 NY2d 808 [1997]; Matter of International Fid. Ins. Co. [Bailey] v People, 208 AD2d 838 [2d Dept 1994]). Accordingly, for practical purposes, the People's failure to timely enforce the bond promise has resulted in a situation in which no debt that can be legally enforced was incurred. It would logically follow that the surety would not need to rely on the authority of CPL 540.30(2) to recover money that it never, in fact, lost. The bail was never actually forfeited, and the surety does not require the authority of CPL 540.30(2) to vacate the judgments of bail forfeiture. Stated simply, the People must first comply with the statutory mandates of CPL 540.10(2), before they can raise the one year "statute of limitations" given to them by CPL 540.30(2).
Although this Court has never addressed the issue presented here, the Second Department has done so in similar set of facts in both Petti and Bailey. In both cases, the Second Department vacated judgments of bail forfeiture, even though the surety did not move to preclude enforcement for more than a year after the judgments [*5]were entered, because, as in the instant case, the People failed to timely file the orders forfeiting the bail—a prerequisite to recovering the bail from the surety. In both Petti and Bailey, the surety instituted proceedings, pursuant to CPLR 5015 and 5240, for remission of the forfeitures and to vacate the judgments that had been summarily entered upon such forfeitures, i.e., not the forfeiture orders themselves. In both cases, as in the instant case, the People had obtained judgments from the county clerk using the summary procedure authorized by CPL 540.10(3), despite the fact that the prerequisite filing of the forfeiture order had been untimely. In each decision, the Second Department addressed and granted only the motions to vacate the summarily entered judgments. Finding that the vacatur of judgments is a valid exercise of a court's power in the bail forfeiture context and deserving of full force, the Court vacated the judgments of bail forfeiture, rejecting the People's objection that the surety did not move to preclude enforcement for more than a year after the judgments were entered.
Ultimately, we perceive no valid public purpose, nor have the People offered any, for retaining a judgment of bail forfeiture that could never be enforced. On the contrary, to permit an unenforceable judgment of bail forfeiture to remain in futuro without limitation subverts the public policy that bail contracts should be encouraged. Such contracts serve to facilitate the release of defendants whose guilt has yet to be determined and to relieve the State the cost of providing for defendants while in jail (see
Peo. ex rel Lobell v. McDonnell, 296 NY 109, 112 [1947]). To permit an unenforceable judgment of bail forfeiture to remain indefinitely only serves to discourage bail contracts and, thus, crowd local jails with defendants awaiting trial — an unnecessary drain on public finances.
Accordingly, the order of the Supreme Court, New York County (Ellen N. Biben, J.), entered October 11, 2019, which denied Empire Bonding's motion pursuant to CPLR 5015 to vacate the judgment of bail forfeiture in the amount of $100,000, should be reversed, on the law, without costs, and the motion granted in full.
All concur.
Order, Supreme Court, New York County (Ellen N. Biben, J.), entered October 11, 2019, reversed, on the law, without costs, and the motion granted in full.
Opinion by Renwick, J.P. All concur.
Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021