THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MILLER, Defendant. INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant. [824 NYS2d 831]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered August 16, 2005. The judgment awarded the People the sum of $100,000 against the surety, International Fidelity Insurance Company.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: International Fidelity Insurance Company (surety) appeals from a judgment awarding the People the sum of $100,000. Defendant was charged with various crimes in a February 2001 indictment and bail was set at $100,000 cash or secured bond. Defendant was released from custody after the surety posted a bail bond. When defendant failed to appear for a hearing on July 2, 2001, Supreme Court issued a bench warrant and revoked bail, but the court did not make a finding that defendant's absence was unexcused or direct forfeiture of the bail bond. By notice of motion dated August 3, 2004, the People moved for forfeiture of the bail bond pursuant to CPL 540.10. In exchange for an adjournment of the matter to afford the surety the opportunity to locate defendant, the surety waived any issue with respect to the timeliness of the People's motion. On July 20, 2005, the surety notified the court that it could not locate defendant and, by the judgment that is the subject of this appeal, the court granted the People's motion. In view of the surety's waiver of any issue with respect to the timeliness of the People's motion, we reject the present contention of the surety that the court erred in ordering forfeiture of the bail bond more than three years after issuance of the bench warrant. In any event, that contention lacks merit. Although CPL 540.10 (2) mandates that the People seek to enforce a forfeiture order within 120 days "after the adjournment of the court at which such bond was directed to be forfeited," that time period does not begin to run until the court "finds that a defendant's absence is unexcused and makes a determination on the record directing forfeiture of the bail bond" (*People v Nicholas*, 97 NY2d 24, 25-26 [2001]). Here, the record establishes that the court did not make such a finding or determination when defendant failed to appear for the hearing on July 2, 2001. Present—Gorski, J.P., Smith, Centra and Green, JJ.