People v Horn (2018 NY Slip Op 08079)





People v Horn


2018 NY Slip Op 08079


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7706 101286/16

[*1]The People of the State of New York, Respondent,
v
John Horn, Defendant, Financial Casualty & Surety, Inc., Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Daniel B. Fix and John B. Martin of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about March 23, 2017, which denied defendant Financial Casualty & Surety, Inc.'s (Surety) motion for an order vacating the bail forfeiture judgment pursuant to CPLR 5015 and granting remission of the forfeiture of bail pursuant to CPL 540.30, unanimously affirmed, without costs.
A valid forfeiture existed on December 17, 2015, when the court issued an order directing forfeiture, based upon its finding that the criminal defendant's absence was without sufficient excuse, as reflected in the minutes of the August 4, 2015 proceeding (see CPL 540.10[1]; People v Nicholas , 97 NY2d 24, 29 [2001]).
Accordingly, Surety's motion for remission, which was made within a year of December 17, 2015, was timely (CPL 540.30[2]). However, there is no basis to grant remission or to vacate the judgment, as the arguments Surety makes in support of the motion lack merit. As noted, there was a valid forfeiture. Further, the People's filing of the forfeiture order on February 17, 2016 was timely, as it was made within 120 days of December 17, 2015 (CPL 540.10[2]; see Nicholas , 97 NY2d at 29). Moreover, the bail was not exonerated on July 23, 2015, as sentence was not pronounced that day (People v Public Serv. Mut. Ins. Co. , 49 Misc 2d 875 [Sup Ct, New York County 1966]). Rather, after the defendant pleaded guilty, sentence was adjourned pursuant to his plea agreement to afford him an opportunity to complete a drug treatment program, which would determine the sentence to be later imposed. The court merely pronounced the possible sentencing alternatives that could later be imposed, not the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK