Matter of Sun Sur. Ins. v People of the State of N.Y. (2022 NY Slip Op 03184)

Matter of Sun Sur. Ins. v People of the State of N.Y.

2022 NY Slip Op 03184

Decided on May 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 

Index No. 158224/20; Ind.Nos. 2522/18, 3638/18 Appeal No. 15934 Case No. 2021-01772 

[*1]In the Matter of Sun Surety Insurance etc., Petitioner-Appellant,
v
The People of the State of New York, Respondent-Respondent. 

Law Office of Evans D. Prieston, P.C., Long Island City (Evans D. Prieston of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.

Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on or about April 14, 2021, which denied petitioner/surety's motion to vacate the bail forfeiture judgments, unanimously affirmed, without costs.
Contrary to surety's claim that the court made no "determination on the record directing forfeiture of the bail bond" (People v Nicholas, 97 NY2d 24, 25-26 [2001]), a valid forfeiture existed when the court issued two written bail forfeiture orders on September 24, 2019, after its client Curtis Postell a defendant in an underlying proceeding, failed to appear at his sentencing earlier that day, based upon its finding that his absence was without excuse as reflected in the minutes of that day's proceeding. The People then proceeded against surety in accordance with CPL 540.10. Accordingly, the forfeitures were validly entered (see People v Horn, 166 AD3d 537 [1st Dept 2018], lv denied 34 NY3d 903 [2019]), and the court providently exercised its discretion pursuant to CPLR 5015 in denying surety's motion to vacate them (see generally Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022